UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID HOUSE, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>JANET NAPOLITANO, in her official capacity as )<br>Secretary of the U.S. Department of Homeland )<br>Security; ALAN BERSIN, in his official capacity as )<br>Commissioner, U.S. Customs and Border Protection; )<br>JOHN T. MORTON, in his official capacity as Director, )<br>U.S. Immigration and Customs Enforcement, )<br>)<br>  Defendants. )<br>) | Case No. 1:11-cv-10852-DJC |

**DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE FOR SUMMARY JUDGMENT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Janet Napolitano, in her official capacity as Secretary of the U.S. Department of Homeland Security; Alan Bersin, in his official capacity as Commissioner, U.S. Customs and Border Protection; John T. Morton, in his official capacity as Director, U.S. Immigration and Customs Enforcement, move to dismiss Plaintiff's claims and ask this Court to grant judgment in their favor. Plaintiff's complaint asks this Court to create a new exception for electronic devices from the Government's authority to conduct routine searches of closed containers at the border. There is no basis for the Court to conclude that searches of laptops or other electronic devices at the border should be subjected to a different standard than that for other closed containers. Nor is there a basis for the Court to conclude that Plaintiff's First Amendment rights were violated by the routine search and detention of his devices at the border. Finally, Plaintiff's "associational

privacy" claim should also be dismissed, since the Government is not prohibited from examining any items at the border simply because they may be related to the work of an organization; nor are there any factual allegations showing how Plaintiff's organization has been targeted by the government, or that the routine search of Plaintiff's electronic devices disclosure may impede the future activities of the organization.

In the alternative, to the extent that the Court finds that Plaintiff has asserted a viable Fourth Amendment claim based on how long Plaintiff's devices were detained, Defendants move for summary judgment based on the attached declarations, which establish that the Government's detention of Plaintiff's devices was reasonable. These materials include:

1. Defendants' Memorandum of Law;

2. Defendants' Rule 56.1 Concise Statement of Material Facts Not In Dispute; and

3. Declarations of Robert Harris, Marcial Santiago, Darin Louck, and Robert Marten

Defendants Memorandum in support of this motion, which is filed separately, is thirty (30) pages in length, in accordance with Court's minute order of July 6, 2011 which granted the parties' joint motion requesting, among other items, permission to file overlength briefs.

Dated:  July 28, 2011                                            Respectfully submitted,


                                                        TONY WEST
Assistant Attorney General

CARMEN M. ORTIZ
United States Attorney

BARBARA HEALY SMITH
Assistant U.S. Attorney

SANDRA M. SCHRAIBMAN
Assistant Branch Director

*s/Diane Kelleher*
_____

DIANE KELLEHER
Senior Trial Counsel
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7318
Washington, D.C. 20530
Tel.:    (202) 514-4775
Fax.:   (202) 616-8470
Email: diane.kelleher@usdoj.gov

## CERTIFICATION OF SERVICE

  I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants by First Class Mail, on the 28th of July, 2011.

                */s/Diane Kelleher*
                DIANE KELLEHER
                July 28, 2011