UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID HOUSE,           )<br>                              )<br>  Plaintiff,                )<br>                              )<br>v.                           )<br>                              )<br>JANET NAPOLITANO, in her official capacity as   )<br>Secretary of the U.S. Department of Homeland    )<br>Security; ALAN BERSIN, in his official capacity as )<br>Commissioner, U.S. Customs and Border Protection; )<br>JOHN T. MORTON, in his official capacity as Director, )<br>U.S. Immigration and Customs Enforcement,       )<br>                              )<br>  Defendants.            )<br>                              ) | Case No. 1:11-cv-10852-DJC |

**DEFENDANTS' CONCISE STATEMENT OF
MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

Pursuant to Local Rule 56.1, Defendants in this action, Janet Napolitano, Secretary of the U.S. Department of Homeland Security ("DHS"); Alan Bersin, Commissioner, U.S. Customs and Border Protection ("CBP"); John T. Morton, Director, U.S. Immigration and Customs Enforcement ("ICE"), submit herewith a concise statement of the material facts of record as to which Defendants contends there is no genuine issue to be tried.

1. Plaintiff returned to the United States on November 3, 2010 on a flight from Mexico to Chicago's O'Hare International Airport. Compl. ¶¶ 15-23.

2. As part of his return to the United States, Plaintiff was processed for entry into the U.S.; he was admitted as a U.S. citizen and referred to CBP for secondary inspection. *See* Declaration of Robert Harris, dated July 27, 2011, at ¶ 5 (hereinafter "Harris Decl.") (Attached as Ex. 1). Immediately following the CBP inspection, Plaintiff was questioned

by two ICE agents.  *See* Harris Decl. ¶ 7; Declaration of Marcial Santiago, dated July 27, 2011, at ¶¶ 5-9 (hereinafter "Santiago Decl.") (Attached as Ex. 2); Declaration of Darin Louck, dated July 27, 2011, at ¶¶ 5-9 (hereinafter "Louck Decl.") (Attached as Ex. 3).

3. The ICE agents detained Plaintiff's laptop computer, his USB storage device, his video camera, and his cellular phone.  Compl. ¶¶ 15, 17; Santiago Decl. ¶¶ 6-9; Louck Decl. ¶¶ 6-9.

4. At the conclusion of this questioning, Plaintiff's cell phone was returned to him; ICE detained the remaining items, and Plaintiff was given a receipt.  Compl. ¶ 20; Santiago Decl. ¶¶ 6-9; Louck Decl. ¶¶ 6-9.

5. Plaintiff remained in the O'Hare Federal Inspection Service (FIS) Area during the entire time he spoke with the CBP officer and the ICE agents and when his electronic devices were detained.  *See* Harris Decl. ¶¶ 7-8; Santiago Decl. ¶¶ 6-9; Louck Decl. ¶¶ 6-9.

6. Plaintiff did not "clear" customs before he was approached by the ICE agents.  *See* Harris Decl. ¶¶ 7-8; Santiago Decl. ¶¶ 6-9; Louck Decl. ¶¶ 6-9.

7. Plaintiff's devices were detained by ICE for approximately five weeks after November 3, 2010.  *See* Declaration of Robert Marten, dated July 27, 2011, ¶¶ 5-7 (hereinafter "Marten Decl.") (Attached as Ex. 4).

8. Plaintiff's devices were sent to him by Agent Marten via Federal Express on December 17, 2010.  Marten Decl. ¶ 8.  Plaintiff received the devices on December 22, 2010.  Compl. ¶ 22.

9. While the devices were detained by ICE, "images of the detained media were forensically prepared and reviewed by a properly trained Computer Forensic Agent."  Marten Decl. ¶ 7.

10. This process "was to ensure that the imaged data was intact and accessible for review." Marten Decl. ¶ 7.

11. A copy is made in such circumstances to ensure that the original evidence is not disturbed through the forensic review process and to permit faster return of the property to the traveler. Marten Decl. ¶ 7.

12. Plaintiff declined to provide any access passwords to his digital media. Marten Decl. ¶ 10; Santiago Decl. ¶ 7; Louck Decl. ¶ 7.

13. The lack of a password required the ICE agents to spend additional time reviewing Plaintiff's devices. Marten Decl. ¶ 10.

14. Plaintiff's laptop featured a non-standard configuration and utilization of software; the computer contained both a Windows and a Linux operating system. Marten Decl. ¶ 11.

15. ICE forensics agents typically deal with Windows and Macintosh based operating systems. Marten Decl. ¶ 11.

16. The images of Plaintiff's devices were then reviewed on a separate computer with forensic software to be sure that the images had been taken correctly; this process had to occur so that ICE could verify that the images of Plaintiff's devices were correct and accurate before the devices were returned to Plaintiff. Marten Decl. ¶ 12.

17. There are a limited number of ICE agents (approximately 220) who are certified in computer forensics. Marten Decl. ¶ 13.

18. These agents are responsible for border searches at approximately 327 different ports of entry, as well as computer searches resulting from consent or the issuance of warrants in cases assigned to over 7,000 ICE Special Agents. Marten Decl. ¶ 13.

19. The detention of Plaintiff's devices was consistent with ICE Directive No 7-6.1 regarding the search and inspection of electronic devices at the border. Marten Decl. ¶ 14. ICE Directive No 7-6.1 (attached hereto as Ex. 5), as well as CBP Directive No. 3340-049 (attached hereto as Ex. 6), are August 2009 policies addressing the agencies' longstanding authority to search and inspect electronic devices at the border. *See* Compl. ¶¶ 24-26; Ex. 5; Ex. 6.

20. At present, the copies of Plaintiff's devices are being retained only for purposes of litigation. Marten Decl. ¶ 15.

Dated:  July 28, 2011                                Respectfully submitted,

                                                     TONY WEST
                                                     Assistant Attorney General

                                                     CARMEN M. ORTIZ
                                                     United States Attorney

                                                     BARBARA HEALY SMITH
                                                     Assistant U.S. Attorney

                                                     SANDRA M. SCHRAIBMAN
                                                     Assistant Branch Director

                                                     *s/Diane Kelleher*

                                                     DIANE KELLEHER
                                                     Senior Trial Counsel
                                                     U.S. Department of Justice, Civil Division
                                                     Federal Programs Branch
                                                     20 Massachusetts Ave., N.W., Room 7318
                                                     Washington, D.C. 20530
                                                     Tel.:   (202) 514-4775
                                                     Fax.:   (202) 616-8470
                                                     Email: diane.kelleher@usdoj.gov

## CERTIFICATION OF SERVICE

      I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants by First Class Mail, on the 28th of July, 2011.

                                          */s/Diane Kelleher*
                                          DIANE KELLEHER
                                          July 28, 2011