**UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF MASSACHUSETTS**

_____
                                                      )
DAVID HOUSE,                           )
                                                      )
              Plaintiff,             )
                                                      )
  v.                                              )
                                                      )
JANET NAPOLITANO, in her official capacity as  )
Secretary of the U.S. Department of Homeland   )
Security; ALAN BERSIN, in his official capacity as )     Case No.
Commissioner, U.S. Customs and Border          )     1:11-cv-10852-DJC
Protection; JOHN T. MORTON, in his official    )
capacity as Assistant Secretary of Homeland    )
Security for U.S. Immigration and Customs      )
Enforcement,                                       )
                                                      )
              Defendants.         )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**
**(Hearing Requested)**

Plaintiff David House hereby opposes Defendants' motion to dismiss or, in the alternative, for summary judgment. The grounds for his opposition are as follows:

1. Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be denied because, for the reasons set forth in Plaintiff's memorandum of law, the complaint states a claim upon which relief can be granted;

2. To the extent that Defendants' motion is properly characterized as a motion for summary judgment under Fed. R. Civ. P. 56, the motion should be denied or consideration of the motion should be deferred to allow discovery because:

    a. There is a genuine dispute as to material facts;

  b. The facts set forth in the declarations submitted by Defendants do not purport to be based exclusively on personal knowledge in that they are based in part on "information made available to [the declarant] by [his] staff and other knowledgeable ICE personnel," and do not state which facts are based on personal knowledge, Declaration of Robert Harris, dated July 27, 2011, ¶ 3 (Defs.' Ex. 1); Declaration of Marcel Santiago, dated July 27, 2011, ¶ 3 (Defs.' Ex. 2); Declaration of Darin Louck, dated July 27, 2011, ¶ 3 (Defs.' Ex. 3); Declaration of Robert Marten dated July 27, 2011, ¶ 3 (Defs.' Ex. 4);

  c. Plaintiff cannot, for the reasons set forth in the attached declaration of counsel, present facts essential to justify his opposition, *see Adorno v. Crowley Towing and Transp. Co.*, 443 F.3d 122, 127 (1st Cir. 2006); and,

  d. On the basis of the undisputed facts and the disputed facts construed in Plaintiff's favor in the records before the Court, Defendants are not entitled to judgment as a matter of law.

## REQUEST FOR ORAL ARGUMENT

Plaintiff believes that oral argument would be of assistance to the Court and hereby requests a hearing.

Respectfully submitted,

DAVID HOUSE
By his attorneys,
 /s/ *Catherine Crump*
Catherine Crump, Pro Hac Vice
ccrump@aclu.org

Speech, Privacy and Technology Project
American Civil Liberties Union
125 Broad Street, 17th floor
New York, New York 10004
(212) 549-2500

____/s/ *John Reinstein*_____
John Reinstein, BBO # 416120
jreinstein@aclum.org
Laura Rótolo, BBO # 665247
lrotolo@aclum.org
Alexia De Vincentis, BBO # 679397
adevincentis@aclum.org
American Civil Liberties Union
 of Massachusetts
211 Congress Street
Boston, Massachusetts 02110
(617) 482-3170

September 21, 2011

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

>*/s/ Catherine Crump*
>Catherine Crump
>September 21, 2011

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID HOUSE,<br><br>               Plaintiff,<br><br>v.<br><br>JANET NAPOLITANO, in her official capacity as Secretary of the U.S. Department of Homeland Security; ALAN BERSIN, in his official capacity as Commissioner, U.S. Customs and Border Protection; JOHN T. MORTON, in his official capacity as Assistant Secretary of Homeland Security for U.S. Immigration and Customs Enforcement,<br><br>               Defendants. | Case No.<br>1:11-cv-108520-DJC |

## DECLARATION OF JOHN REINSTEIN PURSUANT TO FED. R. CIV. P. RULE 56(d)

I, John Reinstein, hereby declare as follows:

1. I am an attorney and a member of the bar of the U.S. District Court. I am one of the attorneys for Plaintiff in this action.

2. Defendants have filed a motion to dismiss or in the alternative for summary judgment, relying on the sworn statements of four government agents.

3. Defendants' statement of materials facts filed pursuant to Local Rule 56.1 is based on assertions of fact in the declarations of these agents which are vague, incomplete, and/or misleading and which may not accurately describe certain material facts.

    a. Defendants correctly state that Mr. House was approached and questioned following the search of his belongings by Customs and Border Patrol ("CBP")

and that his electronic devices were detained. Defendants' Concise Statement of Material Facts Pursuant to Local Rule 56.1, ¶¶ 2-3 (hereinafter "Defs.' Statement"). The sworn statements of the agents fail to mention, however, the extent of Plaintiff's detention or the reason why his devices were detained. They do not mention that they had any prior knowledge about Mr. House or his affiliation with the Bradley Manning Support Network, although such knowledge can readily be inferred from the questions they asked, nor do they state whether the detention of Mr. House's materials was undertaken at the request of any other government agency. *See* Declaration of Marcial Santiago, dated July 27, 2011, ¶¶ 6-7 (Defs.' Ex. 2); Declaration Darin Louck, dated July 27, 2011, ¶¶ 6-7 (Defs.' Ex. 3); Declaration of David House, dated September 19, 2011, ¶ 8 (Pl.'s Ex. 1).

b. Defendants attribute a portion of the prolonged period during which they detained Mr. House's devices to the limited number of Immigration and Customs Enforcement ("ICE") agents certified in computer forensics and their current workload. Defs.' Statement ¶¶ 17-18; Declaration of Robert Marten, dated July 27, 2011, ¶ 13 (Defs.' Ex. 4) (hereinafter "Marten Declaration"). The Marten Declaration does not explain what portion of the delay was attributable to this factor, does not describe where these agents are located or why the devices were transferred after a week from Chicago to New York, provides no information about any backlog in computer analysis by ICE and whether all computers are detained for a similar period, and does not indicate whether, under ICE Directive 7-6.1, ¶ 8.4, assistance was sought from any other agency.

    c. Defendants assert that copies of Mr. House's devices are being retained only for purposes of litigation. Defs.' Statement, ¶ 20. The statement in the Marten Declaration on which this assertion is based, however, is framed differently. Marten states that "the copies ICE made" are only being retained for that purpose. Marten Declaration ¶ 15. This leaves open two questions. The first is whether any other copies were made and retained by other agencies consistent with ICE Directive 7-6.1, ¶ 8.5. The second is for which litigation were the copies retained. The only pending case at the time the copies were made was the military prosecution of Pfc. Bradley Manning. Counsel's December 21, 2010 letter to Defendants requesting return of Mr. House's devices and destruction or return of any information derived from them did not threaten or even refer to litigation. Marten also indicates that the materials had been delivered to FedEx for return to Mr. House before receipt of the letter from counsel.

4.    There has been no discovery in this case nor any opportunity for discovery. Efforts by counsel to obtain information about the handling and disposition of Mr. House's devices and any information derived from them have been resisted by ICE. In their December 21, 2010 letter requesting return of Mr. House's devices and destruction or return of any information derived from them, counsel requested that they be provided with any records concerning the chain of custody of the devices. In a letter dated December 30, 2010, General Counsel for ICE responded that ICE would treat the letter as a request under the Freedom of Information Act (FOIA). After learning that the request had not been processed by the ICE FOIA office, counsel made a separate FOIA request on behalf of Mr. House for any records concerning him including

records concerning the detention, copying, sharing, and retention of information. All records concerning that information have been withheld in their entirety.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge, information, and belief.

Date: 9-20-11

_____
John Reinstein