UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID HOUSE, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>) <br>JANET NAPOLITANO, in her official capacity as )<br>Secretary of the U.S. Department of Homeland )<br>Security; ALAN BERSIN, in his official capacity as )<br>Commissioner, U.S. Customs and Border Protection; )<br>JOHN T. MORTON, in his official capacity as Director, )<br>U.S. Immigration and Customs Enforcement, )<br>)<br>  Defendants. )<br>) | Case No. 1:11-cv-10852-DJC |

## ANSWER

1.      Paragraph 1 contains Plaintiff's characterization of his action to which no answer is required.  To the extent an answer may be deemed necessary, Defendants deny that Plaintiff's constitutional rights were violated, and Defendants further deny that Plaintiff is entitled to the relief requested or any relief.

2.      Paragraph 2 contains legal conclusions, not allegations of fact, to which no answer is required.  To the extent an answer may be deemed necessary, Defendants admit that Plaintiff has alleged claims arising under the Constitution of the United States, specifically the First and Fourth Amendments, that present a federal question such that jurisdiction under 28 U.S.C. § 1331 is proper.

1

3. Paragraph 3 contains legal conclusions, not allegations of fact, to which no answer is required. To the extent an answer may be deemed necessary, Defendants deny that Plaintiff is entitled to the relief requested or any relief.

4. Paragraph 4 contains legal conclusions, not allegations of fact, to which no answer is required. To the extent an answer may be deemed necessary, Defendants admit that venue in this Court is proper.

5. Defendants admit the allegations contained in Paragraph 5.

6. Defendants admit the allegations contained in Paragraph 6.

7. Defendants deny the allegations contained in Paragraph 7. David V. Aguilar was named as the Acting Commissioner of CBP on December 30, 2011, and exercises authority as the head of CBP in his official capacity as Acting Commissioner.

8. Defendants admit that John T. Morton was confirmed as the Director of ICE on May 12, 2009, and exercises authority as the head of ICE in his official capacity as Director.

9. The allegations contained in the first three sentences of this Paragraph relate to specific charges brought against Mr. Bradley Manning by the Army. These allegations characterize the charges, which speak for themselves, and the Court is referred to the cited charging documents for a full and accurate statement of their contents. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in the last two sentences of this Paragraph.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, except to admit that Mr. Manning was arrested in late May 2010, on suspicion of allegedly releasing classified information.

11.     Paragraph 11 refers to the existence of alleged investigations of Mr. Bradley Manning by various federal authorities. Defendants admit the allegations contained in the first two sentences of this Paragraph. With respect to the third sentence of this Paragraph, Defendants cannot confirm or deny the allegation regarding grand jury proceedings, *see, e.g.*, Fed. Rule of Crim. Proc. 6(e), but Defendants admit that the Attorney General has stated that there is an active, ongoing criminal investigation with regard to the unlawful disclosure of classified information to WikiLeaks.

12.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph.

13.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph.

14.     Defendants deny the allegations contained in the last sentence of this Paragraph. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence because the term "watch list" is vague and could refer to several different kinds of actions; moreover, depending on Plaintiff's meaning, Defendants can neither confirm nor deny the allegations contained in the third sentence of this Paragraph, because to do so would be contrary to government policy related to the disclosure of information relating to alleged placement on a "watch list," which is protected by statutory and legal privileges and provisions, including but not limited to, the law enforcement privilege. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this Paragraph.

15.     Defendants admit the allegations contained in the first two sentences of this Paragraph. Defendants deny the allegations contained in the third sentence of this Paragraph, except to

admit that, while in the federal inspection area of Chicago's O'Hare International Airport, Plaintiff presented his passport for inspection, collected his baggage, and was subject to a baggage examination. Defendants deny the allegations contained in the last sentence of this Paragraph.

16. Defendants deny the allegations contained in the first and second sentences of Paragraph 16, except to admit that Plaintiff was approached by ICE Special Agents Louck and Santiago while still in the federal inspection area of Chicago's O'Hare International Airport. Defendants further deny the allegations contained in the third and fourth sentences of Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17, except to admit that ICE detained Plaintiff's computer, flash drive, video camera, and cell phone during his inspection by ICE on November 3, 2010.

18. Defendants deny the allegations contained in Paragraph 18, except to admit that ICE agents asked for Plaintiff's computer password during his secondary inspection, and Plaintiff declined to provide it.

19. Defendants deny the allegations contained in Paragraph 19, except to admit that ICE questioned Plaintiff for approximately twenty minutes on November 3, 2010, and some of those questions related to Bradley Manning and WikiLeaks.

20. Defendants deny the allegations contained in Paragraph 20, except to admit that ICE detained Plaintiff's laptop, flash drive, and camera after his inspection, and that Plaintiff was given a receipt to verify that these items had been detained.

21. Defendants deny the allegations contained in the first sentence of Paragraph 21. The remaining allegations contained in Paragraph 21 relate to and characterize a letter from

Plaintiff's counsel to Defendants, which speaks for itself, and the Court is referred to the cited letter for a full and accurate statement of its contents.

22. Defendants deny the allegations contained in Paragraph 22, except to admit that Plaintiff's devices were returned to him via a Federal Express package sent from ICE's New York office.

23. The allegations contained in Paragraph 23 relate to and characterize a letter from ICE to Plaintiff, which speaks for itself, and the Court is referred to the cited letter for a full and accurate statement of its contents.

24-26. The allegations contained in Paragraphs 24-26 relate to and characterize policies issued by CBP and ICE—specifically, CBP Directive No. 3340-049, "Border Search of Electronic Devices Containing Information" (Aug. 20, 2009), and ICE Directive No 7-6.1, "Border Searches of Electronic Devices (Aug. 18, 2009)—which speak for themselves, and the Court is referred to the cited policies for full and accurate statements of their contents.

27. Defendants admit that ICE made an image of the devices it detained from Plaintiff, and that ICE retains those images as a result of the litigation hold in this matter. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation concerning Plaintiff's placement on a "watch list" because the term "watch list" is vague and could refer to several different kinds of actions; moreover, depending on Plaintiff's meaning, Defendants can neither confirm nor deny the allegation concerning a "watch list," because to do so would be contrary to government policy related to the disclosure of information relating to alleged placement on a "watch list," which is protected by statutory and legal privileges and provisions, including but not limited to, the law enforcement privilege. Defendants further can neither confirm nor deny the allegation that the images of Plaintiff's devices were disclosed to other

government agencies, because to do so would be contrary to government policy related to the disclosure of such information, which is protected by the law enforcement privilege. Defendants deny the remaining allegations in this Paragraph.

28-30. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 28-30.

31. Paragraph 31 contains legal conclusions, not allegations of fact, to which no answer is required. To the extent an answer may be deemed necessary, Defendants deny the allegations contained in Paragraph 31.

32. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph.

36. Paragraph 36 contains legal conclusions, not allegations of fact, to which no answer is required. To the extent an answer may be deemed necessary, Defendants deny the allegations contained in Paragraph 36.

37. Paragraph 37 contains legal conclusions, not allegations of fact, to which no answer is required. To the extent an answer may be deemed necessary, Defendants deny the allegations contained in Paragraph 37.

38.     Paragraph 38 contains legal conclusions, not allegations of fact, to which no answer is required.  To the extent an answer may be deemed necessary, Defendants deny the allegations contained in Paragraph 38.

The remaining Paragraphs of the Complaint contain a Prayer for Relief, to which no answer is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the remainder of the Complaint and further aver that Plaintiffs are not entitled to the requested relief or any other relief from Defendants.

Defendants deny any and all allegations in the Complaint not expressly admitted herein to which a response is deemed required.

Dated: April 27, 2012

Respectfully Submitted,

STUART F. DELERY
Acting Assistant Attorney General

SANDRA M. SCHRAIBMAN
Assistant Branch Director

*/s/Amy E. Powell*
AMY E. POWELL
Trial Attorney
DIANE KELLEHER
Senior Trial Counsel
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W., Room 5373
Washington, D.C. 20530
Tel.:   (202) 514-9836; (202) 514-4775
Fax.:   (202) 305-8517
Email: amy.powell@usdoj.gov;
diane.kelleher@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants by First Class Mail.

      */s/ Amy E. Powell*

      Amy E. Powell

Dated:  April 27, 2012