UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID HOUSE,                              )<br>                                                       )<br>  Plaintiff,                                 )<br>                                                       )<br>v.                                              )<br>                                                       )<br>JANET NAPOLITANO, in her official capacity as )<br>Secretary of the U.S. Department of Homeland )<br>Security; ALAN BERSIN, in his official capacity as )<br>Commissioner, U.S. Customs and Border Protection; )<br>JOHN T. MORTON, in his official capacity as Director, )<br>U.S. Immigration and Customs Enforcement,    )<br>                                                       )<br>  Defendants.                               )<br>                                                       ) | Case No. 1:11-cv-10852-DJC |

## **JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1(D)**

The parties in this action submit the following in accordance with Local Rule 16.1 and the Court's March 28, 2012 Notice of Scheduling Conference.

I.   Timetable for Discovery and Motion Practice

  A.   Initial Disclosures

The parties will serve initial disclosures on or before June 29, 2012.

  B.   Fact Discovery

Fact discovery will be completed by March 15, 2013.  No written discovery shall be served after February 1, 2013.

  C.   Expert Discovery

Plaintiff's trial experts will be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) will be disclosed, by April 15, 2013.  Defendants' trial experts will be

1

designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) will be disclosed, by May 15, 2013. Expert discovery will be completed by June 14, 2013.

  D.    Dispositive Motions

By June 21, 2013, the parties will submit a dispositive motion briefing schedule to the Court.

While discovery should be completed in accordance with this schedule, the parties anticipate discovery disputes related to the applicability of the claims of privilege which have been asserted by Defendants in their Answer. *See* Defs.' Answer ¶ 14, ECF No. 30 ("information relating to alleged placement on a "watch list" . . . is protected by statutory and legal privileges and provisions, including but not limited to, the law enforcement privilege"); ¶ 27 ("Defendants further can neither confirm nor deny the allegation that the images of Plaintiff's devices were disclosed to other government agencies, because to do so would be contrary to government policy related to the disclosure of such information, which is protected by the law enforcement privilege.").

II.    Settlement Proposals

Plaintiff served his settlement proposal on Defendants on June 4, 2012.

III.    Trial by Magistrate Judge

The parties do not consent to trial by a Magistrate Judge.

IV.    Concise Summary of the Parties' Positions

  A.    Concise Summary of Position of the Plaintiff

With respect to the issues not resolved by the Court in its March 28, 2012 Memorandum and Order, the Plaintiff seeks injunctive and declaratory relief against each of the Defendants

based on (1) the violation of the Fourth Amendment by the seizure and prolonged detention of Plaintiff's electronic devices and their contents, and (2) the violation of the First Amendment by the seizure, detention and distribution to other persons and/or agencies of information concerning the members, supporters and operations of the Bradley Manning Support Network.   In terms of specific relief, Plaintiff seeks an order requiring defendants: (a) to return all information in their custody or control obtained from his electronic devices and, to the extent the information cannot be returned, to expunge or otherwise destroy that information; and (b) to disclose (1) whether any information obtained from plaintiff's electronic devices has been disclosed or disseminated to any other agencies, organizations, individuals, or foreign governments, including but not limited to those agencies from which CBP and/or ICE sought technical assistance in accessing the information; (2) when and in what form any such disclosure or dissemination occurred; and (3) the specific data or information which was disclosed or disseminated, and to whom.

B.   Concise Summary of the Defendant's Position

Defendants contend that the search and detention of Plaintiff and his devices on November 3, 2013 was a reasonable and legitimate exercise of the government's border search authority.  Defendants deny that Plaintiff's devices were detained for an unreasonable period of time, and also deny that Plaintiff was targeted for a border search because of his association with the Bradley Manning Support Network.  Finally, Defendants deny that the Court has the authority to order the government to disclose whether any records were disseminated to other agencies or to require the destruction of records.

V.   Certifications

Counsel for each party will separately file their L.R. Rule 16.1(D)(3) certification.

| | |
|---|---|
| DAVID HOUSE<br>By his attorneys,<br><br>*/s/ Diane Kelleher (with CC consent)*<br><br>CATHERINE CRUMP<br>ccrump@aclu.org<br>(Admitted Pro Hac Vice)<br>Speech, Privacy and Technology Project<br>American Civil Liberties Union<br>125 Broad Street, 17th floor<br>New York, New York 10004<br> (212) 549-2500<br><br>*/s/ Diane Kelleher (with JR consent)*<br><br>JOHN REINSTEIN, BBO # 416120<br>jreinstein@aclum.org<br>Laura Rótolo, BBO # 665247<br>lrotolo@aclum.org<br>American Civil Liberties Union<br>Of Massachusetts<br>211 Congress Street<br>Boston, Massachusetts 02110<br>(617) 482-3170 | JANET NAPOLITANO, *et al.*,<br>By their attorneys,<br><br>STUART F. DELERY<br>Acting Assistant Attorney General<br><br>SANDRA M. SCHRAIBMAN<br>Assistant Branch Director<br><br>*/s/ Diane Kelleher*<br><br>AMY POWELL<br>Trial Attorney<br>amy.powell@usdoj.gov<br>DIANE KELLEHER<br>Senior Trial Counsel<br>diane.kelleher@usdoj.gov<br>U.S. Department of Justice, Civil Division<br>Federal Programs Branch<br>20 Massachusetts Ave., N.W., Room 5373<br>Washington, D.C. 20530<br>(202) 514-4775 |

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants by First Class Mail.

*/s/ Diane Kelleher*
Diane Kelleher
Senior Trail Counsel

Dated: June 11, 2012